IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KEYUNNA RUTLAND, | |
| Plaintiff, | CIVIL ACTION NO.: 4:25-cv-172 |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**O R D E R**

Plaintiff filed a Motion to Seal. Doc. 20. Plaintiff asks the Court to place under seal the following documents: her Motion to Seal, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, and two exhibits accompanying Defendant's motion to dismiss. Docs. 15, 15-1, 15-2, 20. Plaintiff asserts the submissions contain sensitive medical information and should be sealed permanently. Doc. 20 at 1. Defendant consents to Plaintiff's Motion. Id. at 2–3.

The right of access to judicial records based on common law is well established. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and the copying of court records and documents. See Nixon, 435 U.S. at 597. The right to access, however, is not absolute. See Globe Newspaper Co. v. Superior Court for Norfolk Cnty., 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263

F.3d 1304, 1311 (11th Cir. 2001); Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983).  In balancing the interests, courts consider, among other things:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2005).  Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."  Id. (citing Nixon, 435 U.S. at 598).  This Court's Local Rule 79.7 sets forth procedures for a party to request documents be filed under seal.  Plaintiff asserts filing the documents under seal would protect sensitive medical information.  Plaintiff has shown good cause for requesting that the Court permit these documents to be filed under seal.  Accordingly, the Court **GRANTS** Plaintiff's Motion and **DIRECTS** the Clerk to **FILE UNDER SEAL** the contents of Plaintiff's Motion and Defendant's motion to dismiss and the attached exhibits.  Docs. 15, 15-1, 15-2, 20.

**SO ORDERED**, this 19th day of December, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA