IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KEYUNNA RUTLAND,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | CIVIL ACTION NO.: 4:25-cv-172 |

**O R D E R**

Plaintiff filed a Motion to Seal.  Doc. 24.  Plaintiff requests permission to file under seal her response in opposition to Defendant's motion to dismiss and attached exhibits.  Id. at 1.  Plaintiff asserts the documents contain sensitive medical information and should be sealed permanently.  Id.  Defendant consents to Plaintiff's Motion.  Id. at 2.

The right of access to judicial records based on common law is well established.  See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).  This right extends to the inspection and the copying of court records and documents.  See Nixon, 435 U.S. at 597.  The right to access, however, is not absolute.  See Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty., 457 U.S. 596, 598 (1982).  When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal.  See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001); Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983).  In balancing the interests, courts consider, among other things:

whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2005).  Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Id. (citing Nixon, 435 U.S. at 598).  This Court's Local Rule 79.7 sets forth procedures for a party to request documents be filed under seal.

Plaintiff asserts filing the documents under seal would protect sensitive medical information.  Plaintiff has shown good cause for requesting that these documents be filed under seal.  Accordingly, the Court **GRANTS** Plaintiff's Motion and **DIRECTS** the Clerk to **FILE UNDER SEAL** the contents of Plaintiff's forthcoming response in opposition to Defendant's motion to dismiss and any attached exhibits.

**SO ORDERED**, this 30th day of January, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA